Exhibit A

ELECTRONICALLY FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT
11/6/2024 1:13 PM
By: Leanne Landeros, DEPUTY

GARY S. SAUNDERS (SBN 144385)
SAUNDERS & ASSOCIATES, APC
610 NEWPORT CENTER DR. SUITE 250
NEWPORT BEACH, CA 92660-2517
Telephone: (949) 590-8585
Email: litigation@saundersapc.com
gary@saundersapc.com

Attorney for Plaintiffs,
LUCY DORADO, individually,
and as Successor in Interest to the Estate of AARON ORNELAS

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN BERNARDINO

| | |
|---|---|
| LUCY DORADO, individually and as Successor in Interest to the Estate of AARON ORNELAS, Deceased,<br><br>Plaintiffs,<br><br>v.<br><br>SAN BERNARDINO COUNTY SHERIFF CENTRAL DETENTION CENTER; AND DOES 1 – 20, inclusive,<br><br>Defendants. | CASE NO: CIVSB2433530<br><br>**PLAINTIFFS' VERIFIED COMPLAINT FOR:**<br>1. NEGLIGENCE;<br>2. NEGLIGENT SUPERVISION;<br>3. FAILURE TO PROVIDE MEDICAL CARE (Gov. Code § 845.6);<br>4. VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983); and<br>5. WRONGFUL DEATH (Code Civ. Proc., § 377.60)<br><br>$435.00 pd<br><br>**JURY TRIAL DEMANDED** |

COMES NOW, LUCY DORADO, individually, and as Successor in Interest to the Estate of AARON ORNELAS (hereinafter "Plaintiffs") by and through their counsel file their Verified Complaint and hereby alleges as follows:

**PARTIES**

1. Plaintiff, LUCY DORADO, individually, and as Successor in Interest to the Estate of AARON ORNELAS is an individual who is and was, at all times, relevant hereto, a resident of San Bernardino, County of San Bernardino, California.

2. Plaintiffs are informed and believes and thereon alleges that, at all times mentioned herein, Defendant San Bernardino County Sheriff Central Detention Center is a public agency that is and was, at all times, relevant hereto, operating out of the County of San Bernarino, California. The County of San Bernardino runs the San Bernardino County Detention Center in which the events herein have taken place.

3. Plaintiffs are ignorant of the true names and capacities of Defendant DOES 1-20, inclusive ("DOES"), and therefore sue them by fictitious names. Plaintiff will amend this complaint to allege DOES's true names and capacities when they are ascertained. Plaintiff requests that when the true names and capacities of these DOE Defendants are ascertained, they may be inserted in all subsequent proceedings, and that this action may proceed against them under their true names.

4. Plaintiffs are informed and believes and upon this basis alleges that DOES are contractually, strictly, negligently, intentionally, or vicariously liable, and/or otherwise legally responsible in some manner for each and every act, omission, obligation, event, or happening set forth in this complaint, and that DOES are indebted to Plaintiff as hereinafter alleged.

5. Plaintiffs are informed and believes that any applicable statutes of limitations have been tolled by the Defendant's continuing, knowing, and active concealment of the facts alleged herein. Despite exercising reasonable diligence, Plaintiff could not have discovered, did not discover, and was prevented from discovering, the wrongdoing complained of herein.

6. Plaintiffs are informed and believes and upon this basis alleges Defendant, and each of them are, and at all times herein, were the agents, joint ventures, officers, members, representatives, consultants, or employees of their co-Defendant and in committing the acts herein alleged, were acting within the scope of such affiliation with knowledge, permission, consent or subsequent ratification of their co-Defendant.

## JURISDICTION AND VENUE

7. The California Superior Court has jurisdiction over this action pursuant to *California Constitution Article VI §10* and *Code of Civil Procedure* § 410.10 because Defendant engaged in business in the State of California and the acts of wrongdoing alleged in this complaint occurred in California. Defendants have more than "sufficient minimum contacts" within the State of California such that this Court's exercise of personal jurisdiction over Defendants herein "does not offend the traditional notions of fair play and substantial justice."

8. Venue is proper in this Court pursuant to *Code of Civil Procedure* § 392(a) because the subject property is located within the jurisdictional region of this Court. Additionally, Defendants herein purposefully directed their activities to the State of California and consummated a transaction with a resident of the State of California. As a result, Defendants caused an event or events to occur in California, and more particularly in the County of San Bernardino, out of which this action arises and which forms the basis of this action.

## GENERAL AND FACTUAL ALLEGATIONS

9. Plaintiff, Lucy Dorado, is the surviving spouse of the decedent, Mr. Aaron Ornelas, who, at the time of his death, was an inmate under the custody and control of the County of San Bernardino, including its jail and correctional officers. Plaintiff brings this action on behalf of herself, and as successor in interest of the estate of Mr. Aaron Ornelas.

10. On or about May 21, 2024, Mr. Aaron Ornelas tragically committed suicide while in the custody of the San Bernardino County jail.

11. Prior to his death, Mr. Ornelas had voluntarily surrendered himself to the County to serve a sentence, demonstrating his compliance with legal processes. Despite his known vulnerability, including a possible struggle with addiction to drugs, Mr. Ornelas was not provided with any appropriate supervision, intervention, or assistance to address his mental health or addiction issues during his incarceration.

12. Mr. Ornelas was allowed to take a shower, unsupervised and unmonitored by correctional officers, which violated standard protocols that would ensure the safety of at-risk inmates.

3

13. For an extended period, Mr. Ornelas went missing, and his absence was not immediately noticed or investigated by any staff at the facility.

14. Instead, in a blatant disregard for inmate safety, one of the inmates directed another inmate, rather than a qualified officer, to check on Mr. Ornelas because he had been gone for an extended period of time. This failure of protocol and responsibility culminated in the tragic discovery that Mr. Ornelas had hung himself in the shower area and had already passed away by the time he was found.

15. The County of San Bernardino, its jail, and its correctional officers exhibited gross negligence in their duty to protect Mr. Ornelas, a vulnerable inmate under their care. The failure to provide proper supervision, the lack of timely intervention, and the delegation of inmate safety checks to another inmate rather than trained personnel directly resulted in the loss of Mr. Ornelas's life. At no point was Mr. Ornelas provided with the mental health or addiction support that his condition so clearly demanded, further compounding the County's failure to uphold its responsibilities.

16. The negligent actions, inactions, and systemic failures of the County jail, its correctional officers, and the Department of Corrections resulted in the preventable death of Mr. Ornelas, causing immeasurable harm to Plaintiff Lucy Dorado, both emotionally and financially, as well as to the estate of Mr. Ornelas. Plaintiff seeks damages, including compensation for the loss of Mr. Ornelas's life, emotional distress, legal fees, and costs incurred in pursuing this action.

17. In compliance with the notice requirements under California Government Code § 911.2, on or about June 17, 2024, Plaintiff, through her counsel Saunders & Associates, APC, sent a Litigation and Preservation Letter formally notifying the San Bernardino County Detention Center of her intent to proceed with litigation. This notice satisfied the statutory obligation to present a claim to the appropriate public entity within six months of the accrual of the cause of action, as required by California Government Code § 945.4. Accordingly, the notice prerequisite has been fully complied with prior to the initiation of this lawsuit.

**FIRST CAUSE OF ACTION**

**NEGLIGENCE**

**(AGAINST ALL DEFENDANTS & DOES 1-20)**

18. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

19. California Civil Code, § 1714(a) establishes a foundational principle in negligence claims, asserting that everyone is responsible not only for the result of their willful acts but also for injuries caused to another by their lack of ordinary care or skill in managing their property or person. Negligence claims in California typically require the plaintiff to demonstrate four essential elements: 1) Duty of care owed by the defendant; 2) Breach of that duty; 3) Causation linking the breach to the plaintiff's injury; and 4) Damages suffered by the plaintiff.

20. Negligent infliction of emotional distress (NIED) in California is considered a form of negligence and requires the presence of duty, breach of duty, causation, and damages (*Klein v. Children's Hospital Medical Center*, (1996) 46 Cal.App.4th 889; *Thing v. La Chusa*, (1989) 48 Cal.3d 644; *Bro v. Glaser*, (1994) 22 Cal.App.4th 1398). For a successful NIED claim, the emotional distress must arise out of the defendant's breach of some other legal duty, and the distress is proximately caused by this breach

21. The County of San Bernardino and its correctional officers owed a clear duty of care to Mr. Aaron Ornelas, as he was in their custody and under their supervision at the time of his death. As part of their custodial duties, Defendants had an obligation to ensure Mr. Ornelas's safety, particularly given the known risks of incarceration, which included preventing self-harm. Mr. Ornelas was a vulnerable inmate, potentially struggling with drug addiction, placing him in a high-risk category for mental health issues, including suicide. The Defendants were required to adhere to protocols and procedures designed to protect inmates in their care, especially those with known or suspected vulnerabilities. By voluntarily surrendering himself to serve a sentence, Mr. Ornelas placed himself under the protection of the Defendants, who assumed the duty to prevent foreseeable harm.

22. The County of San Bernardino and its correctional officers breached their duty of care in several significant ways. On or about May 21, 2024, Mr. Ornelas was left unsupervised for an extended period after he was allowed to take a shower. This extended absence went unnoticed, and rather than immediately checking on his welfare, one of the inmates asked another inmate to locate him. Such delegation of responsibility to an untrained inmate, instead of following standard jail procedures, was a blatant disregard for Mr. Ornelas's safety and constituted a breach of the duty of care owed to him.

23. Mr. Ornelas's potential struggles with drug addiction further necessitated increased supervision, yet there is no evidence that the County or its officers took any steps to monitor or assist him. Their failure to provide the requisite oversight, mental health assistance, or substance abuse intervention demonstrated a gross breach of their responsibilities. This lack of action allowed Mr. Ornelas to take his own life while in their custody, a foreseeable risk they should have actively guarded against.

24. The direct and proximate cause of Mr. Ornelas's death was the Defendants' breach of their duty of care. Had the County and its correctional officers provided the necessary supervision and adhered to established protocols for inmate safety, Mr. Ornelas would not have been left alone for an extended period, during which he took his own life. The failure to promptly check on him or intervene when he went missing directly contributed to his ability to commit suicide. Moreover, the failure to address his potential addiction or mental health needs exacerbated his vulnerability and increased the likelihood of self-harm.

25. By negligently allowing an unqualified inmate to search for Mr. Ornelas, rather than taking immediate action themselves, the correctional officers failed to prevent his death. This egregious breach was the substantial factor leading to Mr. Ornelas's death.

26. As a result of the Defendants' negligence, Plaintiff Lucy Dorado has suffered profound emotional and financial harm. The loss of her husband has deprived her of companionship, support, and future financial contributions. In addition, the estate of Mr. Ornelas has incurred funeral expenses and other costs related to his death. Plaintiff seeks damages for the loss of Mr. Ornelas's life, for the emotional distress caused by his wrongful death, and for all related economic losses.

27. Plaintiff further claims damages for the negligent infliction of emotional distress. The emotional trauma Plaintiff suffered as a result of her husband's death was directly caused by the County's failure to uphold its duty to protect Mr. Ornelas. This trauma is exacerbated by the knowledge that Mr. Ornelas's death was preventable, had the Defendants exercised ordinary care in fulfilling their custodial responsibilities.

28. As a direct and proximate result of the Defendants' negligence, Plaintiff, Lucy Dorado, has suffered severe emotional distress stemming from the tragic and preventable death of her husband, Mr. Aaron Ornelas. The emotional trauma caused by the loss of Mr. Ornelas, particularly under circumstances

that could have been avoided had the Defendants exercised even the minimum standard of care, has profoundly impacted Plaintiff's well-being. The Defendants' failure to provide appropriate supervision, support, and intervention directly led to Mr. Ornelas's death, causing Plaintiff immense mental anguish. Plaintiff seeks damages for the severe emotional distress she has endured, as the negligent infliction of emotional distress (NIED) is a foreseeable consequence of the Defendants' breach of duty.

29. Plaintiff further seeks punitive damages due to the Defendants' gross negligence and reckless disregard for the safety and well-being of Mr. Ornelas. Under California law, "gross negligence" is defined as "a want of even scant care or an extreme departure from the ordinary standard of conduct." (City of Santa Barbara v. Superior Court (2007) 41 Cal.4th 747 [62 Cal.Rptr.3d 527, 161 P.3d 1095]). The Defendants' conduct in allowing Mr. Ornelas to remain unsupervised for an extended period, and in delegating critical duties to an unqualified inmate rather than taking immediate action themselves, constitutes an extreme departure from what any reasonable correctional officer or facility should have done under the circumstances.

30. The negligent actions of the Defendants go beyond mere oversight; they amount to a reckless disregard for Mr. Ornelas's life. In contrast to gross negligence, "wanton" or "reckless" misconduct describes conduct by a person who, while not intending to cause harm, performs an act so unreasonable and dangerous that he or she knows, or should know, that it is highly probable harm will result. (City of Santa Barbara, supra). By failing to take even the most basic precautions to protect a vulnerable inmate from foreseeable harm, the Defendants displayed wanton and reckless misconduct.

31. Under California law, even where a claim formally sounds in negligence, if the Plaintiff can make a showing that the Defendant's conduct goes beyond gross negligence and demonstrates a knowing and reckless disregard, punitive damages may be available. (In re Yahoo! Inc. Customer Data Security Breach Litigation (N.D. Cal. 2018) 313 F.Supp.3d 1113). The Defendants' extreme departure from acceptable custodial practices, coupled with their utter disregard for Mr. Ornelas's well-being, justifies an award of punitive damages.

7

32. Plaintiff seeks punitive damages to hold the Defendants accountable for their gross negligence and to deter similar reckless conduct in the future. The Defendants' failure to adhere to basic safety protocols, their failure to address Mr. Ornelas's mental health and addiction risks, and their disregard for the vulnerability of inmates under their supervision, all rise to the level of gross negligence or wanton misconduct, warranting punitive damages to punish and make an example of the Defendants for their extreme recklessness.

**WHEREFORE**, Plaintiffs pray for judgment as set forth below.

## SECOND CAUSE OF ACTION
## NEGLIGENT SUPERVISION
## (AGAINST ALL DEFENDANTS & DOES 1 – 20)

33. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

34. An employer may be held liable for negligent supervision if the employer fails to adequately supervise its employees or agents and, as a result, an employee or agent causes harm to a third party. A cause of action for negligent supervision requires showing that: 1) the employer had a duty to supervise the employee; 2) the employer breached that duty by failing to provide reasonable supervision; 3) the failure to supervise caused the injury or harm; and 4) the plaintiff suffered damages as a result of the harm. (*C.A. v. William S. Hart Union High School* District (2012) 53 Cal.4th 861, 869-870 [138 Cal.Rptr.3d 1, 270 P.3d 699]).

35. In this case, the County of San Bernardino, as the employer of the correctional officers, had a clear duty to supervise its employees, particularly those responsible for the care and custody of vulnerable inmates, such as Mr. Aaron Ornelas. Correctional officers are tasked with ensuring the safety, well-being, and security of inmates in their custody, and the County is obligated to provide appropriate training and oversight to ensure that these duties are carried out competently and in accordance with established protocols.

36. The County breached this duty by failing to properly supervise its correctional officers, who, as a result, acted negligently in their care of Mr. Ornelas. On or about May 21, 2024, Mr. Ornelas was left unsupervised for an extended period while he was in the shower. Despite his absence,

correctional officers did not follow proper procedures for locating or checking on him, and instead, one of the inmates took on the responsibility to ask another inmate. This failure to follow protocol and ensure that only qualified personnel handled such matters represents a clear breakdown in the supervision and training of the correctional staff.

37. The County's failure to properly supervise its officers directly caused Mr. Ornelas's death. Had the officers been properly supervised, they would have been equipped to handle inmate safety appropriately, including promptly responding to Mr. Ornelas's absence and monitoring his well-being. The lack of proper oversight allowed for the extended period during which Mr. Ornelas went unnoticed, ultimately leading to his preventable suicide.

38. As a result of the County's negligent supervision, Plaintiff Lucy Dorado has suffered emotional and financial harm. The negligent supervision of the correctional officers was a substantial factor in Mr. Ornelas's death, and Plaintiff now seeks damages for the loss of her husband, the emotional distress caused by his preventable death, and the financial burdens associated with his passing, including funeral expenses and legal costs.

**WHEREFORE**, Plaintiffs pray for judgment as set forth below.

### THIRD CAUSE OF ACTION

**FAILURE TO PROVIDE MEDICAL CARE (Gov. Code § 845.6)**

**(AGAINST ALL DEFENDANTS, AND DOES 1-20)**

39. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

40. Under California Government Code § 845.6, a public entity, such as the County of San Bernardino, can be held liable for its failure to provide immediate medical care to an inmate when that entity knows, or has reason to know, that the inmate is in need of such care and fails to summon medical help. To establish liability under § 845.6, the plaintiff must show: 1) the public entity had actual or constructive knowledge that the inmate required immediate medical care; 2) the public entity failed to summon or provide that care; and 3) the failure to provide care caused the inmate's injury or death.

41. In this case, the County of San Bernardino and its correctional officers had both actual and constructive knowledge that Mr. Aaron Ornelas, while in their custody, required immediate medical

and psychological care. Mr. Ornelas, a potentially vulnerable inmate struggling with drug addiction, was at an elevated risk for self-harm or suicide. Despite this, the Defendants failed to provide any intervention or medical assistance that could have mitigated these risks. By allowing Mr. Ornelas to remain unsupervised, and failing to monitor his mental health or address his potential addiction, the County demonstrated a clear failure to respond to Mr. Ornelas's medical needs.

42. On or about May 21, 2024, Mr. Ornelas was allowed to shower alone and unsupervised for an extended period. The correctional officers failed to monitor him or respond in a timely manner when his absence was noted. No medical care was summoned, even though the officers were aware that Mr. Ornelas was missing for a substantial period of time—an indication that something may have been wrong. The County and its officers did not take appropriate action to prevent Mr. Ornelas's death or to provide the necessary medical intervention that could have saved his life.

43. The failure of the County of San Bernardino to summon or provide adequate medical care for Mr. Ornelas was a direct and proximate cause of his death. By neglecting their duty to provide medical care, the Defendants allowed Mr. Ornelas to suffer from untreated mental health conditions and ultimately take his own life.

44. As a result, Plaintiff Lucy Dorado has suffered emotional distress and financial harm, including the loss of her husband, funeral expenses, and related costs. Plaintiff seeks compensatory damages for these losses due to the Defendants' failure to provide the necessary medical care under California Government Code § 845.6.

**WHEREFORE**, Plaintiffs pray for judgment as set forth below.

/

## FOURTH CAUSE OF ACTION

### VIOLATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

### (AGAINST ALL DEFENDANTS, AND DOES 1 – 20)

45. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

46. 42 U.S.C.A. § 1983 states "[E]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia."

47. Pursuant to CACI No. 3000, a Plaintiff must prove:

   a. That Defendant [intentionally/[other applicable state of mind]] [insert wrongful act];

   b. That Defendant was acting or purporting to act in the performance of their official duties;

   c. That Defendant's conduct violated Plaintiff's rights;

   d. That Plaintiff was harmed; and

   e. That Defendant's wrongful act was a substantial factor in causing Plaintiff's harm.

48. Defendants, acting under color of state law, deprived Mr. Ornelas of his Eighth and Fourteenth Amendment rights by failing to protect him from harm while he was in their custody. As an inmate in the County of San Bernardino jail, Mr. Ornelas had a constitutional right to be protected from known risks of serious harm, including the risk of suicide, and to receive adequate medical care for any mental health issues or addiction he may have suffered from.

49. On or about May 21, 2024, Mr. Ornelas was allowed to take a shower without supervision, despite the known risks of suicide for individuals in his condition. The correctional officers failed to monitor his whereabouts, and when he went missing for an extended period, rather than immediately locating him, an inmate took on the task of checking on him to another inmate. This deliberate indifference to Mr. Ornelas's safety and well-being represents a clear violation of his constitutional rights under the Eighth Amendment's prohibition against cruel and unusual punishment, as well as the due process protections afforded under the Fourteenth Amendment.

50. Mr. Ornelas suffered a preventable death as a direct result of the Defendants' failure to protect him and provide the necessary medical care. The failure of the County and its correctional officers to monitor and safeguard him led to the deprivation of his life—a right guaranteed by the U.S. Constitution. Furthermore, Plaintiff Lucy Dorado, as Mr. Ornelas's surviving spouse, has suffered

immense emotional and financial harm due to his death, including the loss of companionship, support, and future financial contributions.

51. The actions and omissions of the Defendants were substantial factors in causing Mr. Ornelas's death. The lack of supervision, failure to provide necessary medical or psychological intervention, and deliberate indifference to Mr. Ornelas's safety directly contributed to his suicide. Had the Defendants taken the appropriate steps to protect Mr. Ornelas from the known risks he faced, his death could have been avoided.

52. Plaintiff seeks compensatory damages for the loss of Mr. Ornelas's life, for the emotional and financial harms suffered, and for the violation of Mr. Ornelas's constitutional rights under 42 U.S.C. § 1983.

   **WHEREFORE**, Plaintiffs pray for judgment as set forth below.

### FIFTH CAUSE OF ACTION
### WRONGFUL DEATH (Code Civ. Proc., § 377.60)
### (AGAINST ALL DEFENDANTS, AND DOES 1-20)

53. Plaintiffs re-allege and incorporate by reference all preceding paragraphs as if fully set forth herein.

54. "The elements of the cause of action for wrongful death are the tort (negligence or other wrongful act), the resulting death, and the damages, consisting of the pecuniary loss suffered by the heirs." (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968 [191 Cal.Rptr.3d 766], original italics.)

55. Pursuant to Code Civ. Proc., § 377.60, wrongful death claims can be brought by "decedent's surviving spouse, domestic partner, children, and issue of deceased children."

56. "Under Code of Civil Procedure section 377.61, damages for wrongful death are measured by the financial benefits the heirs were receiving at the time of death, those reasonably to be expected in the future, and the monetary equivalent of loss of comfort, society, and protection." (Boeken, supra, 217 Cal.App.4th at p. 997.)

57. In this case, Plaintiff Lucy Dorado, as the surviving spouse of Mr. Aaron Ornelas, brings this wrongful death claim on behalf of herself and the estate of Mr. Ornelas. The County of San Bernardino and its correctional officers owed Mr. Ornelas a duty of care while he was in their custody,

particularly given his vulnerability as a potential drug addict and inmate in need of supervision and care. This duty was breached when the County failed to properly monitor Mr. Ornelas, failed to provide the necessary medical intervention, and allowed him to remain unsupervised for an extended period, leading to his death.

58. On or about May 21, 2024, Mr. Ornelas was left unsupervised while showering, and when he went missing for an extended period, no immediate action was taken by the correctional officers to locate or safeguard him. Instead, an inmate tasked another inmate with locating Mr. Ornelas. By the time Mr. Ornelas was found, he had already taken his own life. The County's breach of duty in failing to supervise or assist Mr. Ornelas in his time of need directly resulted in his death.

59. As a direct and proximate result of Defendants' negligence and failure to act, Mr. Ornelas died by suicide, causing profound emotional and financial harm to Plaintiff Lucy Dorado. Plaintiff has suffered the loss of her husband's companionship, support, and future financial contributions. Additionally, the estate of Mr. Ornelas has incurred significant expenses related to his death, including funeral and burial costs.

60. Pursuant to Code Civ. Proc., § 377.61, damages for wrongful death are measured by the financial benefits the heirs were receiving at the time of death, those reasonably expected in the future, and the monetary equivalent of the loss of comfort, society, and protection. In this case, Plaintiff seeks to recover for both the financial and non-economic losses suffered due to the untimely death of Mr. Ornelas, including but not limited to:

    a. Loss of financial support and household contributions;
    b. Loss of future financial benefits reasonably expected from Mr. Ornelas;
    c. Loss of companionship, comfort, society, and protection provided by Mr. Ornelas during his lifetime; and
    d. Funeral and burial expenses.
    e. Plaintiff seeks full and fair compensation for these losses, including the emotional and financial harm caused by Mr. Ornelas's wrongful death, resulting directly from the Defendants' breach of duty.

    **WHEREFORE,** Plaintiffs pray for judgment as set forth below.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment in Plaintiffs' favor and against Defendants and each of them as follows:

1. For compensatory, special, and general damages in an amount subject to proof at trial;
2. For civil penalties pursuant to statute and restitution;
3. For punitive damages;
4. For an order awarding Plaintiff reasonable attorney's fees, reasonable costs of suit incurred, and any other relief as it may deem just and proper.

SAUNDERS & ASSOCIATES, APC

DATED: October 30, 2024       By: _____
Gary S. Saunders, Esq.
Attorney for Plaintiffs,
LUCY DORADO, individually, and as Successor in Interest to the Estate of AARON ORNELAS

## AFFIDAVIT AND VERIFICATION

### (Civ. Proc. Code § 2015.5)

We, LUCY DORADO, individually, and as Successor in Interest to the Estate of AARON ORNELAS, in the above-entitled action against Defendants County of San Bernardino, and DOES 1 – 20, inclusive, have read the foregoing verified complaint and know the contents thereof. I certify that the same is true to the best of my knowledge, information, and belief, formed after an inquiry reasonable under the circumstances.

This lawsuit is not being presented primarily for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

The claims, defenses, and other legal contentions therein are warranted by existing law or by a non-frivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

The allegations and other factual contentions have evidentiary support or, if specifically, so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery.

The denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

DATED: 10/29/24

*Lucy Dorado*
LUCY DORADO, individually, and as Successor in Interest to the Estate of AARON ORNELAS

VERIFICATION